| | |
|---|---|
| BILLY G. ASEMANI, #339096,<br><br>Plaintiff,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendant(s). | Case No. 18-cv-06382-CRB (PR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF Nos. 5, 8 & 11) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

I.

Plaintiff, a prisoner at the Eastern Correctional Institution (ECI) in Westover, Maryland and frequent federal court litigant, has filed a second pro se civil action in this court seeking enforcement of a Maryland state court default judgment he obtained against the Islamic Republic of Iran (Iran). Plaintiff also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.[1]

II.

The Prison Litigation Reform Act (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

---

[1] Plaintiff's first pro se civil action in this court seeking enforcement of the Maryland state court default judgment was transferred to the United States District Court for the District of Columbia. See Asemani v. Iran, No. 18-cv-00368-CRB (PR) (N. D. Cal. June 18, 2018) (order of transfer). But the District of Columbia found that plaintiff was precluded from proceeding IFP and dismissed the action without prejudice to filing a paid action. See Asemani v. Iran, No. 18-cv-1459-UNA (D.D.C. July 10, 2018) (order denying IFP and dismissing action without prejudice).

Plaintiff has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See Asemani v. U.S. Citizenship & Immigration Servs., 797 F.3d 1069, 1073 (D.C. Cir. 2015) ("While incarcerated, at least three of [Asemani's] suits have been dismissed on grounds qualifying as "strikes" for purposes of the three-strikes rule.").[2] In prior litigation, plaintiff also "conceded that he has three strikes." Id. Because plaintiff has three or more strikes, he may proceed IFP only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

III.

Under the law of the circuit, a plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar IFP status for him. See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). Here, plaintiff preemptively submitted an affidavit attesting that he is "eligible to proceed IFP, pursuant to Title 28 § 1915(g)'s imminent-danger exception" to the three strikes rule. Aff. (ECF No. 6) at 1. But for the reasons set forth below, the court finds that plaintiff does not qualify for the imminent danger exception.

A.

Plaintiff claims he is under imminent danger of serious physical injury because he has received "threats of physical violence by other [] inmates" and has "no outdoor exercise." Aff. at 2, 3. But plaintiff's allegations of imminent danger are wholly unrelated to the subject matter of the instant action. The operative complaint and exhibits make clear that the instant action is an attempt to enforce a Maryland state court default judgment against Iran by securing Iranian government assets held by Visa International Services Association (Visa International). See Compl. at 2-4 & Ex. A. The purported imminent dangers plaintiff faces have nothing to do with his action to enforce a state court default judgment against Iran.

---

[2] See, e.g., Asemani v. Wexford Health Sources, Inc., No. 16-cv-3488-RDB, 2016 WL 6462065, at *2 (D. Md. Oct. 31, 2016) ("Complaint will be dismissed without prejudice for failure to state a cognizable constitutional claim"); Asemani v. Hershberger, No. 12-cv-729-RDB, 2012 WL 869006, at **2-3 (D. Md. Mar. 13, 2012) ("Complaint will be dismissed for failure to state a claim"); Asemani v. Maynard, No. 11-cv-869-RDB, 2011 WL 1325219, at *2 (D. Md. Apr. 6, 2011) ("complaint . . . fails to state a cognizable federal claim"); Asemani v. Napolitano, No. 10-cv-1029-RDB, 2010 WL 8813521, at *2 (D. Md. May 4, 2010) ("The Court finds the Complaint to be frivolous."); Asemani v. Fisher, No. 08-cv-3272-RDB, 2008 WL 7556395, at *1 (D. Md. Dec. 15, 2008) ("complaint . . . does not amount to a federally cognizable claim"); Asemani v. Iran, No. 07-cv-693-CMH/BRP, 2007 WL 9658003, at *2 (E.D. Va. Aug. 3, 2007) ("complaint will be dismissed . . . as malicious").

The Second Circuit has held that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). The Ninth Circuit also has recognized that the imminent danger alleged must be sufficiently related to a claim in the complaint for the imminent danger exception to apply. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) (Williams I) (finding plaintiff's allegations of ongoing danger – threats to her safety by other inmates – "clearly related to her initial complaint" regarding rumors started by defendants) (emphasis added). District courts in this circuit accordingly have found that the plaintiff asserting the imminent danger exception must show a nexus between the imminent danger alleged and a claim in the complaint. See Johnson v. Sonoma Cty. Main Adult Det. Facility, No. 14-cv-05397-CW (PR), 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015); Pinson v. Frisk, No. 13-cv-05502-VC (PR), 2015 WL 738253, at *3 (N.D. Cal. Feb. 20, 2015). This court agrees. In order to qualify for the imminent danger exception, plaintiff must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. See id.

Here, plaintiff's allegations of imminent danger bear no relation to Iran's unlawful conduct which forms the basis for his complaint for enforcement of a state court judgment against Iran. Plaintiff claims imminent danger of serious physical injury because he has been threatened with violence by other inmates and cannot get outdoor exercise for fear of violence by other inmates. Aff. at 2-4. He does not allege that other inmates are threatening him because he is pursuing a state court judgment against Iran or that Iran is somehow responsible for the threats or his lack of outdoor exercise. Nor can he. The only connection plaintiff attempts to draw between the instant action for enforcement of a state court judgment against Iran and the purported dangers he faces is to argue that permitting him to collect on his judgment against Iran would allow him to hire an attorney who could assist him in transferring to a facility where he can receive protective custody and access an outdoor exercise area without having to interact with other protected custody inmates. See id. at 3. This will not do. Plaintiff does not qualify for the three strikes exception in connection with this action because none of the purported dangers he faces are fairly traceable to Iran or sufficiently related to the instant action for enforcement of a state court judgment against Iran. Accord Pinson, 2015 WL 738253, at **3-4 (rejecting imminent danger exception where plaintiff's allegations insufficient to show imminent danger is fairly traceable to alleged unlawful conduct in complaint or that favorable outcome will redress threat of danger).

3

B.

Plaintiff does not qualify for § 1915(g)'s imminent danger exception for the additional reason that his allegations do not rise to the level of imminent danger of serious physical injury.

Although plaintiff alleges that he has been threatened with violence by other inmates, he concedes that this was "remedie[d]" by his placement in administrative segregation. Aff. at 2; see Medberry v. Butler, 185 F.3d 1189, 1191, 1193 (11th Cir. 1999) (finding plaintiff had not alleged imminent danger where he had been in danger when housed in the general prison population, but where prison officials had moved him to administrative segregation for his safety); see also Andrews, 493 F.3d at 1053 (citing Medberry for the proposition that "district courts should determine whether there is an 'imminent danger of serious physical injury' on the basis of the conditions at the time the complaint was filed"). There is no indication that ECI officials will move him out of protected status or that he will be in imminent danger of serious physical injury from violence by other inmates because of "events that are already taking place" or "events ready to take place." Andrews, 493 F.3d at 1056 (internal quotes omitted). Mere speculation is not enough. See id. Plaintiff's allegations do not rise to the level of imminent danger of serious physical injury from violence by other inmates.

Nor do plaintiff's allegations rise to the level of imminent danger of serious physical injury from lack of outdoor exercise. First, plaintiff does not describe any serious health effects from the purported lack of outdoor exercise. Cf. Reberger v. Baker, 657 F. App'x 681, 684 (9th Cir. 2016) (finding, even where plaintiff alleged ill health effects from lack of exercise, that his "conclusory allegation that he is suffering joint pain and arthritis as a result of his smaller exercise yard in administrative segregation does not constitute a plausible allegation of imminent danger"). Second, plaintiff concedes that his lack of outdoor exercise is by his own choice, rather than by ECI officials' decision; he can access the outdoor exercise area with other protected custody inmates but elects not to do so. See Aff. at 7 ("Asemani's . . . lack of access to outdoor exercise is not an outright denial of the same, by ECI officials."); id. at 3 ("outside exercise" is available "if Asemani goes out with the rest of the P[rotective] C[ustody] inmates, which is a non-starter for [Asemani]"). But cf. Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010) (finding plaintiff may state a claim against prison officials under 42 U.S.C. § 1983 where prison officials "made and reviewed the decision" to deny plaintiff any exercise outside his cell). Plaintiff's allegations do not rise to the level of imminent danger of serious physical injury from lack of outdoor exercise.

4

IV.

Because plaintiff has three or more strikes and does not qualify for the imminent danger exception, 28 U.S.C. § 1915(g) bars him from proceeding IFP. Accordingly, plaintiff's motion for leave to proceed IFP (ECF No. 5) is DENIED and this action is DISMISSED without prejudice to reopening upon plaintiff's payment of the applicable $400 filing fee.

The clerk is instructed to close the file and terminate plaintiff's remaining miscellaneous motions (see ECF Nos. 8 & 11) as moot.

**IT IS SO ORDERED**.

Dated: January 30, 2019

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY G. ASEMANI,<br><br>    Plaintiff,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>    Defendants. | Case No. 3:18-cv-06382-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 30, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy G. Asemani ID: 339096
aka Ghafour Asemani
Eastern Corr. Institution -- East
30420 Revells Neck Road
Westover, MD 21890


Dated: January 30, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable CHARLES R. BREYER